[Civ. No. 4527.   Second Appellate District, Division Two.—May 12, 1927.]

## CALIFORNIA STEARNS COMPANY (a Corporation), Respondent, v. A. W. TREADWELL et al., Appellants.

[1] FRAUD—SALE OF AUTOMOBILE—MISREPRESENTATION AS TO MODEL— MATERIALITY OF—PLEADING.—Allegations in a cross-complaint based on fraud in the sale of an automobile of an older model than that represented, to the effect that the selling price and value of the two models differed in the sum of $620, were sufficient to show that the misrepresentation as to the model of the automobile was material.

[2] ID.—PLEADING—ADMISSION OF DAMAGE—ISSUES—FINDINGS—JUDG- MENT—APPEAL.—In an action to recover the purchase price of an automobile, where the defendants filed a cross-complaint, alleging that the model of the automobile was misrepresented, and plaintiff's answer to the cross-complaint admitted damage in a specified amount, the only issue as to damage upon which the trial court could pass or find was concerning the damages, if any, in excess of the amount admitted by the answer; and upon an appeal by the defendants upon the judgment-roll alone from that part of the judgment which declared that they take nothing by their cross-complaint, a finding having been made that defendants did not know that the automobile was of an older model than repre- sented, the finding of the trial court that there was no damage must be construed to mean that there was no damage in excess of that admitted by the answer, and the judgment will be modified so as to allow defendants the amount admitted by said answer.

(1) 26 C. J., p. 1083, n. 12.   (2) 4 C. J., p. 745, n. 87; 27 C. J., p. 82, n. 63; 33 C. J., p. 1142, n. 58.

APPEAL from a judgment of the Superior Court of San Diego County.   W. P. Cary, Judge.   Modified and affirmed.

The facts are stated in the opinion of the court.

Wright & McKee and Treadwell, Tomkins & Clark for Appellants.

I. Henry Harris for Respondent.

1.   See 12 Cal. Jur. 741, 806; 12 R. C. L. 417, 419.

THOMPSON, J.—An action was commenced by the plaintiff against defendants to recover from defendants $2,000 of the purchase price of a Stearns automobile, and judgment went for the defendants.   A separate appeal was prosecuted by the plaintiff from that part of the judgment denying it relief.   The defendants and appellants A. W. Treadwell and E'. L. Treadwell filed a cross-complaint alleging that at the time of their purchase of the Stearns automobile for the sum of $2,770 made up of $2,000 in cash and a used automobile valued at $770, that it was represented that the automobile being purchased was a 1922 model; that in truth it was not a 1922 model, but a 1921 model; that plaintiff was well aware of the fact that it was a 1921 model; that defendants and cross-complainants relied upon the representation and that by reason of its purchase due to such reliance and inducement, were damaged in the sum of $620 or the difference in the value and selling price of the two models.   After the overruling of a general demurrer interposed by the plaintiff, it filed its answer to the cross-complaint in which it denied that the representation was falsely made with intent to deceive or that plaintiff relied thereon; denied that the selling price or the value of the car sold and delivered was $2,150 or other than $2,350, and denied that defendants were damaged in any sum in excess of $330.   Responsive to these issues the court found that plaintiff falsely represented to the appellant A. W. Treadwell that the automobile was a 1922 model; that it was "a 1921 year model Stearns automobile remodeled and refitted so as to bring it up to 1922 specifications"; that while cross-complainants examined the automobile "they did not know that it had originally been a 1921 model; that the price for which plaintiff was selling said 1921 year model Stearns automobile, brought up to 1922 specifications," and the value thereof, was $2,350; and that the price paid for the automobile by cross-complainants, aside from accessories and extras, was the sum of $2,350 and that cross-complainants had not been damaged in any sum.   Judgment was entered for defendants upon the complaint and answer and for plaintiff and cross-defendant upon the cross-complaint and answer thereto.   The appellants prosecute this appeal upon the judgment-roll alone

from that part of the judgment which declared that they take nothing by their cross-complaint.

As reasons for a reversal they urge that the court failed to find upon a material issue, to wit, whether cross-complainants relied upon and were induced to purchase by the misrepresentation found by the court to have been made, and also that the answer of plaintiff and cross-defendant admitted damage to appellants in the sum of $330, which relief was denied to appellants by the judgment. In reply to this the respondent urges that the cross-complaint does not state facts sufficient to constitute a cause of action in this: that the cross-complaint fails to show wherein the misrepresentation was material or damaged the cross-complainants. [1] That the misrepresentation was material we think satisfactorily appears from the allegations heretofore epitomized to the effect that the selling price and value of the two models differed in the sum of $620, and brings the case within the rule announced in the cases of *Hodgkins* v. *Dunham,* 10 Cal. App. 690 [103 Pac. 351], and *Jones* v. *Grieve,* 15 Cal. App. 561 [115 Pac. 333].

[2] With respect to the first contention of appellants the court found that appellants "did not know that it [the automobile] had originally been a 1921 model." This indicates that if the court had found specifically upon the issue it would have found that appellants did rely upon the statement and were induced thereby to make the contract of purchase so that we can agree with the appellants' language that "had plaintiff's answer to the cross-complaint denied instead of admitted damages the omission by the trial court to find as to the reliance and inducement might not have been of sufficient moment to warrant any disturbance of the judgment . . . "

The real question to be settled here, then, is whether the court was bound by the admission in the answer. The answer plainly admits that appellants were damaged in the sum of $330, and also that the value of the car actually delivered was $2,350, and, in fact, the prayer asks that cross-complainants take nothing by their cross-complaint "other than the sum of $330." The pleader himself was impressed with the fact that his admission was sufficient to entitle appellants to relief in the sum admitted. Under these circumstances the only issue as to damage upon which

the court could pass or find was concerning the damages, if any, in excess of $330. As to this issue, of course, the finding of the court that there was no damage must be construed to mean that there was no damage in excess of $330. Respondent insists that the presumption obtains that the judgment is regular and supported by the testimony adduced at the trial, but this same argument was disposed of in the cases of *Romer* v. *Wehner,* 61 Cal. App. 411 [214 Pac. 993], and *Welch* v. *Abbot,* 185 Cal. 731–754 [198 Pac. 626], contrary to respondent's views. It is there stated that the presumption is that no testimony was introduced to contradict the admission in the answer. The appellants were entitled to have and recover from plaintiff the sum of $330 and the judgment should be modified accordingly. The judgment is modified by allowing to cross-complainants A. W. Treadwell and E. L. Treadwell the sum of $330 and, after such modification, is affirmed.

Works, P. J., and Murphey, J., *pro tem.,* concurred.